IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FIRST BANK,** *a Missouri chartered bank*, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | No. 13-CV-00058-WDS |
| **TAMARACK WOODS, LLC,** **H & L BUILDERS, LLC,** **JEFFREY A. HOLLAND,** **HEATHER HOLLAND, and** **UNKNOWN OWNERS and** **NON-RECORD CLAIMANTS,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

**STIEHL, District Judge:**

The Court has an independent obligation to ensure that federal subject-matter jurisdiction exists in every case that comes before it. *See, e.g.*, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("[F]ederal courts are required to police their jurisdiction … ."). Plaintiff First Bank brings this action seeking to foreclose a mortgage, appoint a receiver, and recover damages for breach of contract. Jurisdiction is premised on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is proper when the matter in controversy exceeds $75,000 and is between citizens of different states. § 1332(a)(1). The Supreme Court has long interpreted the diversity statute to require complete diversity between the parties. *See, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Carden v. Arkona Assocs.*, 494 U.S. 185, 187 (1990).

Plaintiff alleges it is a Missouri banking corporation chartered in Missouri, while defendants Tamarack Woods, LLC, H & L Builders, LLC, Jeffrey A. Holland, and Heather

Holland are all citizens of Illinois. There are deficiencies in plaintiff's jurisdictional statements; for instance, plaintiff does not correctly plead its citizenship as a corporation. *See* 28 U.S.C. § 1332(c)(1). More importantly, however, the Court must address the unknown owners and nonrecord claimants included here as defendants. While it is customary to include such defendants in state court in Illinois, it is "fatal" to diversity jurisdiction. *Emigrant Mortg. Co. v. Resa*, No. 09 C 7046, 2009 WL 3788867, at *1 (N.D. Ill. Nov. 12, 2009).

In general, "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *accord Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996); *U.S. Fire Co., Inc. v. Charter Fin. Grp., Inc.*, 851 F.2d 957, 958 n.3 (7th Cir. 1988). A plaintiff who includes unknown owners and nonrecord claimants as defendants cannot attest to those defendants' place of citizenship in order to plead complete diversity between the parties; as Judge Shadur in the Northern District of Illinois once explained, "It is tautological to say plaintiff cannot demonstrate 'unknown owners and nonrecord claimants' are citizens of a state other than plaintiff's." *John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chi.*, 555 F.Supp. 1026, 1027 (N.D. Ill. 1983) (citing *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)). Two exceptions regarding the citizenship of unknown defendants are nominal parties, who are "irrelevant to diversity jurisdiction," *Howell*, 106 F.3d at 218, and dispensable parties, who are "unnecessary to the proper resolution of the controversy," *Howell*, 106 F.3d at 218; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832–33 (1989); Fed. R. Civ. P. 21.[1]

Many courts in the Northern District of Illinois have dismissed mortgage-

---

[1] A final exception is that "the citizenship of defendants sued under fictitious names" is disregarded in actions that are removed to federal court. 28 U.S.C. § 1441(b)(1); *accord Howell*, 106 F.3d at 218 ("[N]aming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs."). This action was not removed.

2

foreclosure cases that included unknown owners and nonrecord claimants, having concluded that such defendants are not nominal parties. *See JP Morgan Chase Bank, N.A. v. Snower*, No. 10 C 3586, 2010 WL 3735739, at *2 (N.D. Ill. Sept. 10, 2010); *Home Sav. of Am., F.A. v. Am. Nat. Bank and Trust Co. of Chi.*, 762 F. Supp. 240, 243 (N.D. Ill. 1991) ("Because the court has the power to make a binding decision as to their rights, unknown owners and nonrecord claimants must be considered to be more than nominal parties."); *Gov't Emps. Corp. v. Buggs*, No. 85 C 06774, 1985 WL 2237, at *1 (N.D. Ill. Aug. 1, 1985); *John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chi.*, 555 F.Supp. 1026, 1027 (N.D. Ill. 1983). *But see John Hancock Realty Dev. Corp. v. Harte*, 568 F.Supp. 515, 516 (N.D. Ill. 1983) (finding the unknown defendants were nominal because their existence was unknown). This Court agrees that unknown parties are not mere nominal parties.

Dispensable parties are "unnecessary to the proper resolution of the controversy" and may be dismissed from a case to restore diversity. *Howell*, 106 F.3d at 218; *Newman-Green*, 490 U.S. at 832. The authority to do so is found in Federal Rule of Civil Procedure 21, which provides that "the court may at any time, on just terms, add or drop a party." Unknown owners and nonrecord claimants are not dispensable parties in a mortgage-foreclosure action when the plaintiff seeks to terminate their interests in the property. A plaintiff is free not to include unknown defendants in the complaint, but only if the plaintiff is also willing to forgo a binding determination of those defendants' rights and interests in the mortgaged property. *Bancboston Mortg. Corp. v. Pieroni*, 765 F. Supp. 429, 431 & n.6 (N.D. Ill. 1991). When plaintiffs have chosen that route, district courts have allowed mortgage-foreclosure actions to proceed based on diversity. *Id.* at 431; *Gen. Elec. Credit Corp. v. Am. Nat'l Bank & Trust Co. of Chi.*, 562 F.Supp. 456, 460–63 (N.D. Ill. 1983). One court gave the plaintiff the option of dismissing the unknown owners and nonrecord claimants. *Metro. Life Ins. Co. v. LaSalle Nat'l Bank*, No. 89 C 8203, 1990 WL 71301, at *2 (N.D. Ill. April 30, 1990); *see also Resa*, 2009 WL 3788867, at *1 (dismissing case

"with the conditional possibility of reinstatement").

Here, plaintiff includes the unknown owners and nonrecord claimants in the complaint and seeks to terminate their interests in the mortgaged real estate. Plaintiff also filed an affidavit as to unknown owners and nonrecord claimants pursuant to Illinois law. *See* 735 ILL. COMP. STAT. 5/2-206, 5/2-413, 5/15-1502(c) (terminating rights of nonrecord claimants in a foreclosure action). Plaintiff therefore intends for their interests to be bound by the judgment in this case. Consequently, the Court does not believe the unknown parties here may be dismissed as unnecessary to the proper resolution of this action for a mortgage foreclosure.

In conclusion, the defendants unknown owners and nonrecord claimants are neither nominal nor dispensable parties that can be dropped from this case, and plaintiff cannot establish complete diversity between the parties. This case is therefore **DISMISSED** for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: September 30, 2013**

                                                          **/s/ WILLIAM D. STIEHL**
                                                               **DISTRICT JUDGE**